✎AO 254B   (Rev. 12/03) Judgment in a Criminal Case
         Sheet 1

# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|
| V. | Case Number: CR-09-008-1-F |
| CARY LESEAN ROGANS | USM Number: 17323-064 |
| | William P. Earley |
| | Defendant's Attorney |

THE DEFENDANT:

☒   pleaded guilty to counts    1 of Superseding Information    .

☐   pleaded nolo contendere to count(s)
     which was accepted by the court.

☐   was found guilty on count(s)
     after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 21:841(a)(1) | Possession with intent to distribute cocaine base, a Class B felony | 12-19-08 | 1(s) |

     The defendant is sentenced as provided in pages 2 through  6  of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐   The defendant has been found not guilty on count(s)                                                              .

☒   Count          1 of Indictment          is dismissed on the motion of the United States.

     IT IS ORDERED that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

September 18, 2009
Date of Imposition of Sentence

/s/ S.P. Friot
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

September 18, 2009
Date Signed

AO 245B   (Rev. 12/03) Judgment in a Criminal Case
         Sheet 2 - Imprisonment

Defendant:   ROGANS, Cary Lesean                                            Judgment–Page __2__ of __6__
Case Number:  CR-09-008-1-F

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of <u>188 months.</u>

☒ The court makes the following recommendations to the Bureau of Prisons:

That the defendant, if eligible, participate in the Inmate Financial Responsibility Program at a rate determined by Bureau of Prisons staff in accordance with the requirements of the Inmate Financial Responsibility Program;

That the defendant, if eligible, participate in the Residential Drug Abuse Program while incarcerated; and

That the defendant, if eligible, be incarcerated at FCI El Reno, OK.

☒ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

   ☐ at <u>12:00 noon</u> on _____.
   ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

   ☐ at <u>12:00 noon</u> on _____.
   ☐ as notified by the United States Marshal.
   ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

                                                          _____
                                                                      United States Marshal

                                                       By _____
                                                                   Deputy United States Marshal

AO 245B    (Rev. 12/03) Judgment in a Criminal Case
           Sheet 3 - Supervised Release

Defendant:      ROGANS, Cary Lesean                                                                    Judgment–Page   3   of   6
Case Number:    CR-09-008-1-F

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of <u>5 years.</u>

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐  The above drug testing is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse, but the court specifically retains the probation officer's authority and discretion to administer such tests for cause as permitted by the standard conditions of supervision. (Check, if applicable.)

☒  The defendant shall not possess a firearm, destructive device, or any other dangerous weapon. (Check, if applicable.)

☒  The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐  The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐  The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached pages.

## STANDARD CONDITIONS OF SUPERVISION

1)  the defendant shall not leave the judicial district without the permission of the court or probation officer;
2)  The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3)  the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4)  the defendant shall support his or her dependents and meet other family responsibilities;
5)  the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6)  the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7)  the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8)  the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9)  the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B   (Rev. 12/03) Judgment in a Criminal Case
Sheet 3A - Supervised Release

| | |
|---|---|
| Defendant: ROGANS, Cary Lesean | Judgment–Page __4__ of __6__ |
| Case Number: CR-09-008-1-F | |

## ADDITIONAL SUPERVISED RELEASE TERMS

☐ If not detained by the Bureau of Immigration and Customs Enforcement at the time of release, or if detained and later released, within 72 hours of release from the custody of the Bureau of Prisons, the defendant shall report in person to the probation office in the district to which the defendant is released. If the defendant is detained by the Bureau of Immigration and Customs Enforcement and returned to a foreign country, the defendant is to report within 72 hours of any subsequent return to the United States during the period of supervised release.

☒ The defendant shall participate in a program of substance abuse aftercare at the direction of the probation officer. The defendant shall totally abstain from the use of alcohol and other intoxicants both during and after completion of any treatment program. The defendant may be required to contribute to the cost of services rendered (copayment) in an amount to be determined by the probation officer based on the defendant's ability to pay.

☐ The defendant shall participate in a program of mental health aftercare at the direction of the probation officer.

☐ The defendant shall participate in a home incarceration program pursuant to the following directive:

> The defendant shall be placed on Home Detention through the Remote Location Monitoring Program for a period of ___ days. During this time, the defendant shall remain at his/her place of residence except for employment and other activities approved in advance by the probation officer. The defendant shall maintain land-line telephone service at his/her place of residence free of call forwarding, a modem, caller ID, answering machine, call waiting, call-blockers or portable cordless telephones for the above period. At the direction of the probation officer, the defendant shall wear an electronic monitoring device and follow remote location monitoring procedures specified by the probation officer. The defendant shall promptly pay the associated monitoring fees directly to the monitoring company for each day he/she is in the Remote Location Monitoring Program as determined per program co-payment guidelines.

☐ The defendant shall complete _____ hours of community service as directed by the probation office.

☒ The court is not imposing community service.

☐ In lieu of a fine, the defendant is ordered to complete __ hours of community service during the first year of supervised release as directed by the probation officer.

☒ The defendant must submit to a search of his person, property, or any automobile under his control to be conducted in a reasonable manner and at a reasonable time, for the purpose of detecting firearms and/or controlled substances at the direction of the probation officer upon reasonable suspicion. Further, the defendant must inform any residents that the premises may be subject to search.

☐ The defendant shall maintain a single checking account in his/her name. The defendant shall deposit into this account all income, monetary gains, or other pecuniary proceeds, and make use of this account for payment of all personal expenses. All other bank accounts must be disclosed to the probation officer.

☐ The defendant shall not make application for any loan or enter into any credit arrangement without first consulting with the probation officer.

☐ The defendant shall disclose all assets and liabilities to the probation officer. The defendant shall not transfer, sell, give away, or otherwise convey any asset without first consulting with the probation officer.

☐ If the defendant maintains interest in any business or enterprise, the defendant shall, upon request, surrender and/or make available for review, any and all documents and records of said business or enterprise to the probation officer.

☐ The defendant shall, upon request of the probation officer, authorize release of any and all financial records, to include income records, income tax records, and social security records, by execution of a release of financial information form, or by any other appropriate means.

☐ The defendant shall notify the court and the Attorney General of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay a fine and/or restitution.

AO 245B   (Rev. 12/03) Judgment in a Criminal Case
            Sheet 5 - Criminal Monetary Penalties

Defendant:     ROGANS, Cary Lesean                                                          Judgment–Page   5   of   6
Case Number:   CR-09-008-1-F

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|         | **Assessment** | **Fine** | **Restitution** |
|---------|----------------|----------|-----------------|
| **TOTALS** | $100.00      | $0.00    | $0.00           |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant shall make restitution payments to the U.S. Court Clerk, 200 N.W. 4th Street, Oklahoma City, OK 73102, to be distributed to the payees in the amounts listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment unless specified otherwise in the priority order or percentage payment column below.  However, pursuant to 18 U.S.C. §3664(i), all nonfederal victims must be paid before the United States is paid.

☐ Individual names omitted.  See list in Court Clerk's Office.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|-------------------|-----------------|-------------------------|----------------------------|
| **TOTALS**        | $_____         | $_____                 |                            |

☐ Restitution amount ordered pursuant to plea agreement     $_____

☐ The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

☐ The interest requirement is waived for the     ☐ fine   ☐ restitution.
☐ The interest requirement for the     ☐ fine     ☐ restitution is modified as follows:

*Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994 but before April 23, 1996.

Case 5:09-cr-00008-F   Document 44   Filed 09/18/09   Page 6 of 6
AO 245B  (Rev. 12/03) Judgment in a Criminal Case
Sheet 6 - Schedule of Payments

Defendant:    ROGANS, Cary Lesean                                                                     Judgment–Page  6  of  6
Case Number:  CR-09-008-1-F

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A**  Unless the court has expressly ordered otherwise, lump sum payment of all criminal monetary penalties is due immediately.

**B**  Balance, if any, due in accordance with the policies listed below **or**
☐    Not later than _____

**C**  Unless the court has expressly ordered otherwise, said special assessment of $<u>100.00</u> is due immediately.

**D**  Unless the court has expressly ordered otherwise, said restitution and/or fine in the amount of $_____ is due and payable immediately.

**E**  Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment.  All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are to be made to the Clerk of the Court.  Any criminal monetary penalty is due in full immediately but payable on a schedule of the greater of $25 quarterly or 50% of income pursuant to the Federal Bureau of Prisons' Inmate Financial Responsibility Program while in prison.

**F**  After release from confinement, if the defendant's financial condition does not allow for immediate payment of the entire restitution and/or fine, the defendant shall make monthly installments of the greater of $_____ or 10% of defendant's gross monthly income, as directed by the probation officer.  Payments are to begin within 30 days following the defendant's release from custody of the Bureau of Prisons.

**G**  Notwithstanding establishment of a payment schedule, nothing shall prohibit the United States from executing or levying upon non-exempt property of the defendant discovered before or after the date of this judgment, including the Taxpayer Offset Program.

**H**  Unless the court has expressly ordered otherwise, the defendant must pay interest on restitution and/or a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. §3612(f).  All of the payment options may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. §3612(g).

**I**  Release from supervision does not absolve defendant from payment of this debt.

**J**  **Special instructions regarding the payment of criminal monetary penalties:**

**K**  All criminal monetary penalties shall be paid through the United States Court Clerk for the Western District of Oklahoma, 200 N.W. 4th Street, Oklahoma City, Oklahoma 73102.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several
Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.
☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order:  (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.