IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CR-09-08-F |
| ) | |
| CARY LESEAN ROGANS, ) | |
| ) | |
| Defendant. ) | |

**MOTION FOR IMPOSITION OF REDUCED SENTENCE
PURSUANT FIRST STEP ACT OF 2018**

Cary Lesean Rogans, through counsel, requests this Court enter an order finding him eligible for the imposition of a reduced sentence of confinement. This Motion is based on Section 404 of the First Step Act of 2018, Pub. L. 115-391, December 21, 2018, 132 Stat 5194, [hereinafter, 2018 Act], which authorizes the Court to impose a reduced sentence under the specific circumstances enumerated by Congress. That section makes retroactive the provisions of the Fair Sentencing Act of 2010 which increased the amount of crack cocaine involved in an offense under 21 U.S.C. § 841(a) & (b) necessary to trigger mandatory minimum sentences of imprisonment. It does so by allowing the Court to impose a reduced sentence in the case of a person serving a sentence imposed prior to the effective date of the Fair Sentencing Act (August 3, 2010) for an offense the penalties for which were amended by the Fair Sentencing Act. Mr. Rogans is serving such a sentence. For the reasons that

follow the Court should exercise its authority to reduce Mr. Rogans' sentence of imprisonment to time served.

Counsel submits the record establishes Mr. Rogans meets the criteria for eligibility enumerated in the 2018 Act. Further, Mr. Rogans' conduct during his confinement supports the imposition of a reduced sentence. In the event the Court is inclined to reach a contrary conclusion on either of these points, Mr. Rogans requests a hearing for full consideration of the merits of this motion.[1] If the Court determines a reduced sentence of confinement should be imposed, Mr. Rogans waives his right to appear for a resentencing hearing secured by Rule 43(a)(3), Federal Rules of Criminal Procedure.

### *Procedural History*

Cary Lesean Rogans was charged in a one count Superseding Information, filed 04/13/2009, document 23. Mr. Rogans entered a plea of guilty to the Superseding Information, which charged that on or about December 19, 2008, he possessed five grams or more of a mixture or substance containing a detectable amount of cocaine base (crack) with the intent to distribute it. *Id.*. At the time of Mr. Rogans' guilty plea, the statutory punishment for the offense included not less than five years' and not more than forty years' imprisonment. 21 U.S.C. § 841(b)(1) (2008).

---

[1] This Court has considered the issue of plenary resentencing with respect to a motion filed pursuant to the First Step Act of 2018 in *United States v. Acey*, CR-10-153-F (W.D. of Okla.). The Court did not decide the issue, but indicated plenary resentencing was not required. *Id.* at p. 7, n. 2.

2

The 2008 version of the sentencing guidelines was used to calculate the mandatory range of punishment. *Presentence Investigation Report* [hereinafter, PSR], ¶17. The Court found Mr. Rogans responsible for 67.9 grams of crack cocaine pursuant a stipulation in the Plea Agreement, which resulted in a base offense level of 32. *Statement of Reasons,* at ¶ I(B)(1). A single adjustments for possession of a dangerous weapon was applied. *PSR* at ¶ 19. Mr. Rogans' offense level computation resulted in an adjusted offense level subtotal of 34. *PSR ¶ 23.*

Mr. Rogans's criminal history included a prior controlled substance offense and crime of violence that *at the time* resulted in application of the alternative "career offender" guideline. Application of the career offender guideline also resulted in an offense level of 34. *PSR* at ¶ 24; and see U.S.S.G. §4B1.1 (2008). Mr. Rogans' criminal history computation placed him in a category V, but application of the "career offender" provision mandated a category VI. *PSR* at ¶ 36. A three level downward adjustment for acceptance of responsibility was applied to the alternative "career offender" offense level. *PSR* at ¶ 25. The mandatory guideline range, which was calculated on an adjusted offense level 31 and a criminal history category VI, was 188 to 235 months. *PSR* at ¶ 70.

On September 18, 2009, Mr. Rogans was sentenced to incarceration for 188 months, followed by five years of supervised release. *Judgment in a Criminal Case*, filed 09/18/2009, document 44. Application of the "career offender" guideline categorically disqualified Mr. Rogans from the subsequent ameliorative amendment to the cocaine based guideline.

The United States Probation Office reviewed Mr. Rogans' case and determined he appears to be eligible for the relief afforded by the 2018 Act. *Preliminary Report for Consideration of Sentence Reduction Based on First Step Act of 2018* [hereinafter, Report], filed 06/06/2019, document 53.

Counsel agrees Mr. Rogans is eligible for the imposition of a reduced sentence. Counsel submits the appropriate mechanism for relief is provided through Title 18, United States Code, Section 3582 (c)(1)(B), consistent with the authority granted through Section 404 of the 2018 Act. Counsel anticipates the United States will dispute Mr. Rogans' eligibility for relief.

### ***Statutory Bases for Imposition of a Reduced Sentence***

Mr. Rogans was prosecuted and convicted of conduct involving *cocaine base* as charged in the Indictment. All of the conduct occurred before August 3, 2010. Section 404(a) defines a "covered offense" as a "violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the [FSA], that was committed before August 3, 2010." Thus, a defendant who committed a crack offense before August 3, 2010 is eligible if the statutory penalties for the statute of which he was convicted were modified by the section 2 or 3 of the FSA. Application of the 2010 Act to the charged offense reduces the statutory punishment to zero to twenty years' imprisonment. 21 U.S.C. §§841(b)(1)(C); 846 (2018). Pursuant Section 404 of the 2018 Act, this Court is authorized to impose a reduced sentence.

The jurisdiction of this Court is invoked through this motion, as provided in Section 404(b). Congress expressly authorized this Court to "impose a reduced sentence" as if the revised penalties of the 2010 Act were in effect on the date of the offense. Congress's use of the verb "impose" reflects its intention that Mr. Rogans will be resentenced in accordance with the federal sentencing system currently in effect.

### *Application of the Fair Sentencing Act punishment matrix requires imposition of a reduced sentence within the confines of Title 21, United States Code, §841(b)(1)(C)*

The "statutory punishment" is the quantity charged as an element in the indictment and either found as an element by the jury beyond a reasonable doubt or admitted as an element in a guilty plea. *See Alleyne v. United States*, 570 U.S. 99, 108 (2013) ("Facts that increase the mandatory minimum sentence are therefore elements and must be submitted to the jury and found beyond a reasonable doubt."). The holding in *Alleyne* expresses the Court's determination that when punishment is determined based on specific conduct, the Constitution requires an explicit statement in the charging document and a finding of that conduct beyond a reasonable doubt. Permitting an enhancement of punishment based on a judicial determination of an uncharged element violates the Constitution. *Apprendi v. New Jersey*, 530 U.S. 466, 476-77 (2000) ("At stake in this case are constitutional protections of surpassing importance: the proscription of any deprivation of liberty without 'due process of law,' Amdt. 14, and the guarantee that '[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury,' Amdt. 6. Taken together,

these rights indisputably entitle a criminal defendant to 'a jury determination that [he] is guilty of every element of the crime with which he is charged, beyond a reasonable doubt.'"); and see *United States v. Ellis*, 868 F.3d 1155 (10th Cir. 2017) (requiring jury instruction on individualized determination of element).

These identical principles resulted in the determination the sentencing guidelines system, which mandated the imposition of sentences based on facts not charged in an indictment or determined beyond a reasonable doubt, violated the Constitution. *United States v. Booker,* 543 U.S. 220, 235 (2005). There is no basis to conclude Congress was unaware of this precedent when it wrote Section 404. Any suggestion that Mr. Rogans is obtaining an unfair benefit because Section 404 does not afford relief to all people who remain incarcerated as a result of the unconstitutional sentencing practice that predated *Booker* is a compelling policy argument for further legislation, but not a basis to deny the relief Congress intended.

While there is no controlling Tenth Circuit authority resolving the issue, a number of District Courts have considered the issue and concluded that *Apprendi* and its progeny apply in Section 404 proceedings. *See United States v. Martin*, 2019 WL 2571148, at *2 (E.D.N.Y. June 20, 2019) ("While *Alleyne* and *Apprendi* do not provide retroactive relief, Congress did intend to apply current statutory penalties retroactively, and, we can assume, current constitutional protections."); *United States v. Stone*, 2019 WL 2475750, at *2 (N.D. Ohio June 13, 2019) ("[A]llowing judges and not juries to determine what drug quantities have

been proven in connection with a distribution offense has always been unconstitutional, even at the time of Mr. Stone's original sentencing," and the Act "neither directs nor implies that the Court should perpetuate the application of an unconstitutional practice."); *United States v. Pride*, 2019 WL 2435685, at *5 (W.D. Va. June 11, 2019) (rejecting government's argument that *Apprendi* and *Alleyne* do not apply because they are not retroactive on collateral review because *Teague* "speaks only to the context of federal habeas"); *United States v. Rose*, __F.Supp.3d__, 2019 WL 2314479, at *5 (S.D.N.Y. May 24, 2019) (Congress "could not have intended this Court to ignore . . . changes in the law since the original sentencing, such as *Alleyne*."); *United States v. Boulding*, __F.Supp.3d __, 2019 WL 2135494, at *7 n. 6 (W.D. Mich. May 16, 2019) ("*Apprendi* and *Alleyne* ha[ve] genuine bite here" because if the "new thresholds had been in effect . . . , they would only have permitted a Count 1 conviction under Section 841(b)(1)(B)(iii) because quantity is an essential element of the (A)(iii) or (B)(iii) offense. . . . [That] *Alleyne* and *Apprendi* have not been extended retroactively on collateral review is different than saying they have no significance in making the 'as if' sentencing decision called for under the First Step Act."); *United States v. Smith*, __ F. Supp. 3d __, 2019 WL 2092581, at *3 (W.D. Va. May 13, 2019) ("join[ing] other courts in finding that [*Alleyne* and *Apprendi*] are applicable [to] the First Step Act"); *United States v. Dodd*, 372 F. Supp. 3d 795, 797-98 (S.D. Iowa Apr. 9, 2019) ("Both *Apprendi* and *Alleyne* are binding on this Court for sentencings held today. That the[y] . . . do not trigger a right to relief retroactively on collateral review . . . is distinct from whether

they apply to proceedings independently authorized under the First Step Act."); *United States v. Francis*, 2019 WL 1983254 (S.D. Ala. May 3, 2019) (declining to "violate *Apprendi* by finding unilaterally that the conspiracy involved more than 280 grams of crack"); *United States v. Allen*, __ F.Supp.3d __, 2019 WL 1877072 at *4 (D. Conn. Apr. 26, 2019) ("While *Alleyne* and *Apprendi* do not provide retroactive relief, Congress legislates in the context provided by constitutional principles. . . . Construing section 404 in the context provided by *Alleyne* and *Apprendi*, courts should reject a reading of the statute that would preclude eligibility … due to a judicial finding of drug quantity many years ago."); *United States v. Simons*, 2019 WL 1760840 at *6 (E.D.N.Y. Apr. 22, 2019) ("while findings by a [sentencing] judge may be used to determine a sentence within the statutory penalties, [they] cannot change the mandatory minimum now applicable").

Application of the 2010 Act to Mr. Rogans' violation of Title 21, United States Code, Section 841(a)(1), reduces the punishment from five years' to forty years' imprisonment to zero to twenty years' imprisonment. 21 U.S.C. §841(b)(1)(C) (2018) (less than 28 grams of cocaine base). The Report generated by the Probation Office notes application of the 2018 Act reduces the statutory punishment to zero to twenty years. *Report*, document 53 at p. 2.

### *Section 404 of the 2018 Act Applies*

Mr. Rogans was convicted of an offense involving cocaine base for conduct that occurred before August 3, 2010. Application of the 2010 Act to Mr. Rogans' violation of Title 21, United States Code, Section 841(a)(1), reduces the punishment from five years' to

forty years' imprisonment to zero to twenty years' imprisonment. 21 U.S.C. §841(b)(1)(C) (2018) (less than 28 grams of cocaine base). Assuming, *arguendo*, that the "career offender" provision remains relevant, the alternative computation is based on the statutory maximum. U.S.S.G. §4B1.1(b) (2018). Accordingly, the Report notes application of the 2018 Act reduced the advisory guideline range to 151 to 188 months' imprisonment. *Report*, document 53 at 2. If the Court imposes a sentence of 151 months' confinement, Mr. Rogans will be eligible for release February 20, 2020. *Id. at 3.*

The Court should consider that Mr. Rogans no longer qualifies as a "career offender" under the advisory sentencing guidelines. Mr. Rogans was deemed a career offender pursuant USSG §4B1.1 (2008) based on an a conviction for a "controlled substance offense" as defined in USSG §4B1.2(b) (2008) and a "crime of violence" as defined in USSG §4B1.2(a)(1). The crime of violence referenced as a qualifying conviction for career offender designation is identified in the Presentence Report as a Tillman County, Oklahoma, conviction for assault and battery on a police officer. *See PSR* ¶ 32 and 36.

In *United States v. Mason*, 709 Fed.Appx. 898 (10th Cir. 2017), a panel of the Tenth Circuit held assault and battery on a police officer under Oklahoma law did not qualify as a crime of violence for purposes of the elements clause of the Armed Career Criminal Act, 18 U.S.C. §924(e)(1). The elements clause of the Armed Career Criminal Act and the elements clause of the "career offender" provision are identical. "Because of the similarity in language between the ACCA and the USSG, [the Tenth Circuit has] occasionally looked to

9

precedent under one provision for guidance under another in determining whether a conviction qualifies as a violent felony." *United States v. Hernandez*, 568 F.3d 827, 830 n. 3 (10th Cir. 2009). Mr. Rogans would not qualify as a career offender today.

Mr. Rogans' total offense level without reference to the "career offender" provision would be 23 (a base offense level of 24 for 67.2 grams of cocaine base, plus two for the firearm enhancement, minus three for acceptance of responsibility). Mr. Rogans' criminal history category is V without reference to the career offender guidelines. *See PSR ¶ 35*. A total offense level of 23 and a criminal history category of V results in an advisory sentencing guideline range of imprisonment of 84 to 105 months. Thus far, Mr. Rogans has served time well in a excess of this range.

### *Request for Relief*

The Report reflects one incident report for which Mr. Rogans was cited. Otherwise, Mr. Rogans has spent his time obtaining his GED and other educational course work which will be a significant asset when he re-enters the workforce. Mr. Rogans has also engaged in pro-social programming intended to assist him in developing positive habits that will support his efforts to remain sober while on supervised release.

Mr. Rogans' letter to the Court filed April 24, 2019, in which he request assistance in pursuing the relief sought in this motion also provides the Court with an update on Mr. Rogans' family circumstances. *Doc. 49*. Mr. Rogans has maintained a health relationship with his sons and is seeking to repair his relationship with his father. In a letter to counsel,

Mr. Rogans advised he has employment waiting on him, a home to go to, and money in savings. Mr. Rogans advised "I'm very humble and very ready [to] live the right way."

Counsel for Mr. Rogans requests this Court exercise the authority conferred by Section 404 of the First Step Act of 2018 and impose a reduced sentence. There is no mandatory minimum term of confinement constraining this Court's exercise of discretion. Counsel for Mr. Rogans requests this Court impose a reduced sentence of incarceration of time served and explicitly state Mr. Rogans should receive credit for all time served and all accrued good time. The term of supervised release should also be reduced to three years, in light of the reduced statutory penalty.

This reduced sentence is sufficient, but not greater than necessary to achieve the statutory goals of sentencing. It is also consistent with the purposes of the 2018 Act. A proposed Order granting the relief requested is being submitted with this Motion.

Unless the Court believes further information or argument is necessary to impose the revised sentence as requested, Mr. Rogans waives his right to appear before the Court for resentencing hearing and waives his right to present allocution. In the event the Court is not persuaded that relief is appropriate or wishes to hear further evidence supporting the requested reduction, counsel requests a hearing at the Court's earliest convenience.

Respectfully submitted,

*/s William P. Earley*
WILLIAM P. EARLEY
OBA Number 11293
Assistant Federal Public Defender
215 Dean A. McGee Avenue   Suite 109
Oklahoma City, Oklahoma  73102
Telephone 405 609-5930 Telefacsimile 405 609-5932
Electronic Mail for Service: william_earley@fd.org

## CERTIFICATE OF SERVICE

I hereby certify that on July 19, 2019, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing.  Based on the electronic records currently on file, the Clerk of Court will transmit a  Notice of Electronic filing to the following ECF registrant: Timothy Ogilvie, Assistant United States Attorney, counsel for Plaintiff.

*/s William P. Earley*
WILLIAM P. EARLEY