## IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | Case No. CR-09-08-F |
| | ) | |
| CARY LESEAN ROGANS, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the court is defendant, Cary Lesean Rogans' Motion for Imposition of Reduced Sentence Pursuant to First Step Act of 2018. Doc. no. 54. Plaintiff, United States of America, has responded to the motion. Doc. no. 55. Upon due consideration of the parties' submissions, the court makes its determination.

I. Background

On April 16, 2009, defendant entered a plea of guilty to Count 1 of a Superseding Information, charging him with possession with intent to distribute 5 grams or more of a mixture or substance containing a detectable amount of cocaine base (crack), a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1). Defendant's plea was entered pursuant to a plea agreement with plaintiff. A violation of § 841(a)(1), involving 5 grams or more of crack cocaine, carried a statutory penalty of not less than 5 years and not more than 40 years imprisonment and a term of supervised release of not less than 4 years. 21 U.S.C. § 841(b)(1)(B) (2008).

The Probation Office prepared a presentence investigation report which was disclosed on June 10, 2009.  The revised presentence investigation report (with addendum) was disclosed on July 6, 2009.  Although the parties stipulated in the plea agreement that the drug amount involved in the offense was 67.9 grams of crack cocaine, the Probation Office determined that defendant was accountable for 253.1 grams of crack cocaine, which established a base offense level of 32.  Defendant was assessed a two-level enhancement for possession of a dangerous weapon during the offense, which established an adjusted offense level of 34.  The Probation Office determined that defendant was a career offender as defined by USSG § 4B1.1.  Defendant had two previous convictions under state law – unlawful distribution of cocaine and assault and battery on an officer.  The offense level under USSG § 4B1.1 was 34, the same as the offense level under the drug guideline in USSG §2D1.1.  An adjustment for acceptance of responsibility lowered the offense level by three for a total offense level of 31.  Defendant's criminal history points established a criminal history category of V.  However, because defendant was determined to be a career offender, his criminal history category was enhanced to VI.  With a total offense level of 31 and a criminal history category of VI, the range of incarceration, under the advisory sentencing guidelines, was 188 to 235 months.

At sentencing the court sustained defendant's objection to being held accountable for 253.1 grams of crack cocaine.  The court utilized for sentencing purposes the 67.9 grams of crack cocaine which the parties had agreed to in the plea agreement and defendant had admitted to in the plea hearing.  However, the court found that defendant was a career offender as defined by USSG § 4B1.1.  The court sentenced defendant to a term of imprisonment of 188 months and a term of

supervised release of 5 years.   Judgment was entered on September 18, 2009.
Defendant did not appeal his sentence or seek collateral review.[1]

On August 3, 2010, the Fair Sentencing Act of 2010 ("FSA"), Pub. L. No.
111-220; 124 Stat. 2372, became effective.   The FSA reduced the disparity in the
treatment of crack cocaine and powder cocaine offenses.   Section 2 of the FSA
increased the drug quantities triggering the mandatory minimum for crack
trafficking offenses "from 5 grams to 28 grams in respect to the 5-year minimum
and from 50 grams to 280 grams in respect to the 10-year minimum (while leaving
powder at 500 grams and 5,000 grams respectively).   § 2(a), 124 Stat. 2372.   The
change had the effect of lowering the 100-to-1 crack-to-powder ratio to 18-to-1."
Dorsey v. United States, 567 U.S. 260, 269 (2012).   The FSA, however, did not
apply to offenders, like defendant, "who were sentenced before [the law] went into
effect."   United States v. Osborn, 679 F.3d 1193, 1194 n. 1 (10th Cir. 2012).

On December 21, 2018, the First Step Act of 2018 ("2018 Act"), Pub. L. No.
115-391, 132 Stat. 5194, became effective.   Section 404 of the 2018 Act made
section 2 and section 3 of the FSA retroactive as to offenders who were sentenced
before the FSA's enactment.[2]

On June 6, 2019, the Probation Office issued a Preliminary Report for
Consideration of Sentence Reduction Based on First Step Act of 2018. The report
indicated that defendant "may no longer be subject to the 5-year mandatory
minimum, but rather, would be subject to a maximum term of incarceration of 20

---

[1] On January 28, 2016, the Probation Office submitted a Preliminary Report for Consideration of
Sentence Reduction Based on 2014 Drug Guidelines Amendment.   The Probation Office
concluded that defendant was not eligible for sentencing relief under the 2014 Drug Guidelines
Amendment since his total offense level was calculated pursuant to the career offender provision
of § 4B1.1 and not the drug guidelines of §2D1.1.

[2] Section 3 of the FSA eliminated a mandatory minimum sentence for simple possession of crack
cocaine, and consequently, is not relevant here.

years." Doc. no. 53, p. 2.  According to the report, "this change affects application of the Career Offender provision." *Id*.  Defendant's base offense level would be 32, rather than 34.  And after the three-point adjustment for acceptance of responsibility, defendant's total offense level would be 29.  With a total offense level of 29 and a criminal history category of VI, the range of incarceration, under the advisory sentencing guidelines, would be 151 to 188 months.  *Id*.  The Probation Office noted, however, that "[i]t is unclear what effect, if any, the parties' stipulation to 67.9 grams of cocaine base has on this analysis."  *Id*. at p. 2 n.1.

II. Parties' Arguments

In his motion, defendant argues that he is eligible for the imposition of a reduced sentence under section 404 of the 2018 Act.  Defendant points out that he was convicted of a 21 U.S.C. § 841(a)(1) offense involving crack cocaine that occurred before August 3, 2010.  Defendant also contends that the Supreme Court's decision in Alleyne v. United States, 570 U.S. 99 (2013), applies to cases under the 2018 Act, and therefore, the "statutory punishment" must be based on the quantity that was charged in the indictment and either found as an element by the jury beyond a reasonable doubt or admitted by defendant as an element in the guilty plea.  In other words, defendant argues that drug quantity, which increases punishment, is an element of the § 841(a) offense, which must be expressly stated in the charging document and found by the jury beyond a reasonable doubt or admitted by the defendant.  Defendant maintains that because the Superseding Information, to which he entered a plea of guilty, only charged him with possession with intent to distribute 5 grams of cocaine base, his "statutory punishment" was reduced by section 2 of the FSA from 5 years to 40 years imprisonment to zero to 20 years imprisonment. Consequently, defendant argues that he is eligible for the imposition of a reduced sentence under section 404 of the 2018 Act and requests the court to impose a reduced sentence, pursuant to 18 U.S.C. § 3582(c)(1)(B), to 151 months of

imprisonment (the low end of the guidelines), should the court find the "career offender" provision remains relevant.

Defendant acknowledges that at the time of sentencing, he was determined to be a career offender as defined by USSG § 4B1.1, based upon a prior conviction for a controlled substance offense and a prior conviction for a crime of violence. However, he argues that he no longer qualifies as a "career offender" because of the Tenth Circuit's recent ruling in United States v. Mason, 709 Fed. Appx. 898 (10th Cir. 2017).   In that case, the Tenth Circuit held that a conviction for assault and battery on a police officer is not a crime of violence under the elements clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(1).   Defendant contends that the elements clause of the Armed Career Criminal Act and the elements clause of the "career offender" provision are identical.   Thus, he maintains that his prior conviction for assault and battery on an officer is not a crime of violence for purposes of USSG § 4B1.1, and if sentenced today, he would not be a career offender. Defendant asserts that without reference to the "career offender" provision, his total offense level would be 23.   Combining a total offense level of 23 and a criminal history category of V, defendant states that his range of incarceration, under the advisory sentencing guidelines, would be 84 to 105 months.   Defendant represents that he has served time well in excess of this range of incarceration.   Consequently, if the court finds that the "career offender" provision is not relevant, defendant requests the court to impose a reduced sentence of time served, with an explicit statement in an amended judgment that defendant receive credit for all time served and all accrued good time.   Defendant also requests that the term of supervised release be reduced to three years based upon the reduced statutory penalty.

Plaintiff, in response, represents that defendant's claim "may be eligible for consideration" since he entered a plea of guilty to a crack cocaine offense occurring in 2008.  Doc. no. 55, p. 5.  However, it argues that the 2018 Act does not allow

defendant, as he asserts, to be sentenced in accordance with the federal sentencing system currently in effect. Plaintiff contends that under 18 U.S.C. § 3582(c)(1)(B), defendant is only entitled to a reduction of sentence as "expressly permitted by statute." And plaintiff argues that the 2018 Act expressly permits the court to consider defendant's sentence as if section 2 of the FSA (the 50-gram and 280-gram thresholds) were in effect as of 2008. Plaintiff maintains that the 2018 Act does not expressly permit him to receive any benefit from the Supreme Court's decision in Alleyne, or the Tenth Circuit's decision in Mason. According to plaintiff, defendant remains bound by the court's sentencing findings that the drug quantity for defendant's offense was 67.9 grams of crack cocaine and that the career offender provision applies. As a result, plaintiff argues that defendant's statutory penalty of not less than 5 years to not more than 40 years imprisonment continues to apply since defendant was found responsible for 67.9 grams of crack cocaine. Because defendant's statutory penalty has not changed with the application of section 2 of the FSA, plaintiff posits that defendant is not entitled to a sentence reduction pursuant to § 3582(c)(1)(B).

III. Discussion

   a. *Eligibility*

Section 404(b) of the 2018 Act provides, in relevant part, that "[a] court that imposed a sentence for a covered offense may, on motion of the defendant, . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." Pub. L. No. 115-391, 132 Stat. 5194, 5222. Section 404(a) of the 2018 Act defines the term "covered offense" to mean "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 . . ., that was committed before August 3, 2010." *Id.*

Although plaintiff represents in its brief that defendant's claim "may be eligible for consideration," it nonetheless advocates in a footnote that defendant's eligibility under section 404 of the 2018 Act turns on whether the FSA would affect the statutory penalties faced by him individually. *See*, doc. no. 55, no. 1. In other words, plaintiff contends that the court should assess defendant's eligibility to seek relief under section 404(b) based upon defendant's actual conduct, rather than the statute of conviction. Under that approach, because the court found at sentencing that defendant was responsible for 67.9 grams of crack cocaine, an amount that exceeds the revised 28-gram threshold for the statutory penalty of section 841(b)(1)(B), the statutory penalty for defendant's conduct was not modified by section 2 of the FSA. Thus, according to plaintiff, defendant is ineligible for relief under section 404(b) because the quantity involved would result in the same statutory penalty under the threshold quantities set by the FSA.

The court, however, will follow the majority of district courts finding that a defendant is eligible for relief under the section 404(b) of the 2018 Act based upon examination of the statute of conviction, as opposed to defendant's actual conduct. United States v. Boulding, 379 F.Supp.3d 646, 652 (W.D. Mich. 2019)[3]; United States v. White, 2019 WL 3228335, at *2 n. 1 (S.D. Tex. July 17, 2019) (citing

---

[3] As the Boulding court explained:

A "covered offense" is one for which the Fair Sentencing Act modified the penalties, which includes any crack cocaine offense under Section 841(b)(1)(A) or (B). Under the plain language of the Act, whether an offense is a "covered offense" is determined by examining the statute that the defendant violated. If that statute is one for which the statutory penalties were modified by section 2 or 3 of the Fair Sentencing Act, it is a "covered offense." Quantity is simply not part of the statutory test for eligibility under the First Step Act. Eligibility turns entirely on the categorical nature of the prior conviction. All other issues, including the proper quantity determination, are part of a reviewing court's discretionary call on whether to modify an eligible defendant's sentence.

379 F. Supp. 3d. at 652 (quotations and citation omitted).

district court cases reaching this conclusion).  Section 2 of the FSA amended the statutory penalty under defendant's statute of conviction, § 841(b)(1)(B), by increasing the threshold quantity of cocaine base required to impose the mandatory minimum sentence thereunder from 5 grams to 28 grams.  Accordingly, had section 2 of the FSA been in effect at the time of defendant's sentencing, the quantity of crack cocaine charged in the Superseding Information, 5 grams or more, would have triggered no mandatory minimum, and a 20-year maximum sentence, instead of a 5-year mandatory minimum and a 40-year maximum sentence.  Defendant's § 841(a)(1) offense was also committed before August 3, 2010.  Thus, defendant was sentenced for a covered offense as defined by the FSA.

Further, defendant is eligible for relief under section 404(b) since his sentence was not previously imposed or previously reduced under the FSA and he has not filed a motion under the 2018 Act which has previously been denied.  *See*, section 404(c) of the 2018 Act, Pub. L. No. 115-391, 132 Stat. 5194, 5222.

In sum, the court finds that defendant is eligible for relief under section 404(b) of the 2018 Act.  Being eligible for relief, however, does not mean that the relief is appropriate.

b. *Alleyne*

Plaintiff argues that the court should not reduce defendant's sentence because he is not entitled to the benefit of the Supreme Court's ruling in <u>Alleyne</u>.  It maintains that § 3582(c)(1)(B) permits the court to reduce a sentence only "as expressly permitted by statute" and the 2018 Act does not expressly permit the court to consider <u>Alleyne</u>.  The 2018 Act, according to plaintiff, only permits the court to examine a sentence as if section 2 of the FSA were in effect at the time the offense was committed, not to change the manner of determining the drug quantity for which the defendant is accountable.  Plaintiff contends that the court's finding that defendant was responsible for 67.9 grams of crack cocaine triggers the same

8

statutory penalty before and after the FSA.  Thus, plaintiff argues that no reduction of defendant's sentence is warranted.

Defendant counters that a number of district courts considering the issue have concluded that <u>Alleyne</u> applies to section 404 proceedings and urges the court to follow those decisions.  Consequently, because only 5 grams of crack, rather than 67.9 grams, was charged in the Superseding Information, to which he pleaded guilty, defendant contends that his statutory penalty has been reduced and a sentence reduction is appropriate.

The court need not decide whether <u>Alleyne</u> applies to section 404(b) proceedings.  Assuming without deciding the decision applies, the court concludes that a sentence reduction is not warranted.  <u>Alleyne</u> extended the rule in <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), to preclude judicial factfinding from enhancing statutory minimums.  <u>Alleyne</u>, 570 U.S. 99, 103 (2013).  The Supreme Court held:

> Any fact that, by law, increases the penalty for a crime is an "element" that must be submitted to the jury and found beyond a reasonable doubt.  Mandatory minimum sentences increase the penalty for the crime.  It follows, then, that any fact that increases the mandatory minimum is an "element" that must be submitted to the jury.

*Id*. (citations omitted).  In the case at bar, defendant admitted in the plea agreement that the offense involved 67.9 grams of crack cocaine.  At his plea hearing, he also admitted under oath that he intended to distribute, give or sell 67.9 grams of crack cocaine to other people.  Neither when defendant entered his plea, nor at any time thereafter, did he contest the drug quantity.  Because defendant knowingly admitted the facts necessary to trigger the five-year mandatory minimum and the forty-year maximum under the new version of the statute, the court concludes that no <u>Alleyne</u> problem arises.  *See* <u>United States v. Booker</u>, 543 U.S. 220, 244 (2005) ("[W]e reaffirm our holding in *Apprendi*: Any fact (other than a prior conviction) which is

necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt."); <u>Blakely v. Washington</u>, 542 U.S. 296, 303 (2004) ("the 'statutory maximum' for *Apprendi* purposes is the maximum sentence a judgment may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant*").

If the FSA had been in effect at the time defendant committed his offense, the uncontested drug quantity of 67.9 grams for which he was accountable would have triggered the same sentence, including the five-year mandatory minimum.  The <u>Alleyne</u> decision involved a judicial finding of fact triggering an increased mandatory minimum (brandishing the gun) which was *not* admitted by the defendant in that case.  Nothing in the 2018 Act nor <u>Alleyne</u> requires the court to pretend that the facts which were freely admitted in open court in this case were, or could have been, contested.[4]  The constitutional right at stake in <u>Alleyne</u> – the right to have a jury resolve a contested fact issue which could have an effect on the applicability of a mandatory minimum sentence – is not a stake in this case.

Although defendant is eligible for relief under the language of the 2018 Act, the particular quantities involved affect the court's discretionary determination as to

---

[4] *See,* doc. no. 36 (defendant's sentencing memorandum, filed July 16, 2009), at 3:

> Mr. Rogans plead [sic] guilty to a one count Superseding Information. Mr. Rogans admitted possessing with intent to distribute 5 grams of more of cocaine base on or about April 13, 2009. *The parties stipulated the offense conduct involved 67.9 grams of cocaine base. Doc. 26, ¶ 7.* Contrary to the parties' stipulation, the Presentence Report included as "relevant conduct" drug amounts from a previous search of Mr. Rogans' residence. Mr. Rogans has objected to the inclusion of those drugs and related conduct in the offense level computation.

> (Emphasis added.)

The stipulation was confirmed by the defendant's express admission at the plea hearing.  The court declined to impose sentence on the basis of the significantly higher drug quantity which would have resulted from taking the fruits of the previous search into account.

whether to grant a reduction in sentence.  <u>Boulding</u>, 379 F. Supp. 3d at 651.  As discussed below, the court concludes that a sentence reduction is not warranted in light of the drug quantity specifically admitted by defendant as being involved in his offense.

       c. *Career Offender Provision*

While it appears that defendant may no longer qualify as a career offender under USSG 4B1.1 in light of the Tenth Circuit's ruling in <u>Mason</u>, the court concludes that the career offender designation remains relevant.  The 2018 Act permits a sentence reduction based upon retroactive application of section 2 of the FSA.  Neither the 2018 Act nor section 2 of the FSA permits the court to reconsider defendant's career offender designation in light of current law.  Defendant has not cited any authority to permit the court to reconsider the career offender designation. Courts have held otherwise.  <u>United States v. Hegwood</u>, 934 F.3d 414, 417-419 (5th Cir. 2019); <u>United States v. Jones</u>, 2019 WL 3997443, *2 (E.D. Tenn. Aug. 23, 2019); <u>United States v. Jones</u>, 2019 WL 3767474, *6 (W.D. Va. Aug. 19, 2019).

IV.  <u>No Sentence Reduction</u>

As discussed, defendant is eligible for a sentence reduction.  However, the court concludes that a sentence reduction should be denied.  Defendant remains a career offender and there is no <u>Alleyne</u> issue.  Given the drug quantity defendant expressly admitted to in open court, the statutory penalty for defendant's conduct would not have been modified by Section 2 of the FSA.  Consequently, viewing the matter in light of his plea agreement, the matters he acknowledged in the plea colloquy, and the fact that the drug quantity would trigger the same statutory penalty, the court finds that no sentence reduction is warranted.

And while defendant is eligible for relief under the 2018 Act, the court notes that a sentence reduction is not automatic.  Rather, it is discretionary with the court. *See*, section 404(c) of the FSA, Pub. L. No. 115-391, 132 Stat. 5194, 5222.  The

court concludes that the 188-month sentence and the five years of supervised release imposed was appropriate in light of 67.9 grams of crack cocaine involved in this case. Thus, the court declines to exercise its discretion and grant defendant a sentence reduction.[5] Nothing in <u>Alleyne</u> or in the statutes relevant here requires the court to ignore the facts expressly admitted by the defendant. This result is both lawful and fair. The defendant retains all of the very substantial benefit of the plea bargain he made in 2009 – a bargain which the court, as has been noted, enforced for the defendant's benefit at sentencing. *See*, n. 4, above.

IV. <u>Conclusion</u>

Based upon the foregoing, defendant, Cary Lesean Rogans' Motion for Imposition of Reduced Sentence Pursuant to First Step Act of 2018 (doc. no. 54) is **DENIED**.

IT IS SO ORDERED this 24th day of October, 2019.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

09-0008p015.docx

---

[5] In his motion, defendant requests a hearing if the court does not agree with defendant's position with respect to the imposition of a reduced sentence. The court, however, concludes that no hearing is required. *See*, Rule 43(b)(4), Fed. R. Crim. P.; <u>United States v. Crews</u>, 385 F. Supp. 3d 439, 448 (W.D. Pa. 2019).